UNITED STATES FEDERAL DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| DANAE STOUT<br>Plaintiff,<br><br>v.<br><br>CLIENT SERVICES, INC.<br>Defendant. | Case No.:<br>Hon. |
|---|---|

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper because the acts and transactions occurred in Saginaw, Saginaw County, Michigan ("here"), Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4. Plaintiff Danae Stout is a natural person who at all relevant times resided in Saginaw County, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Client Services, Inc. (hereinafter "Client Services") is either a collection agency or a buyer of consumer debt and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

### FACTUAL ALLEGATIONS

6. On information and belief, a debt was incurred based upon a student loan that was used primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Plaintiff's alleged debt was consigned, placed or otherwise transferred to defendant for collection from plaintiff.

8. Defendant conducted an account review of plaintiff's credit information through Transunion on or about July 29, 2014.

9. When Defendant did this it discovered the following information: plaintiff's residential address 2711 Willard Street, Saginaw, MI 48602; plaintiff's telephone number at that address of 989-525-5132; and plaintiff's employer Wildfire Credit Union.

10. 15 U.S.C. § 1692a (7) defines the term "location information" to mean a consumer's place of abode and his telephone number at such place, or his place of employment.

11. Under the Fair Debt Collection Practices Act, a debt collector is allowed to seek location information if the collector does not have either the consumer's place of abode or the telephone number at that place or the consumer's place of employment.

12. 15 U.S.C. § 1692c(b) regulates communications with third parties and states, "Except as provided in section 804, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the

collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

13. § 804 is 15 U.S.C. § 1692b which allows collectors seeking location information to contact third-parties without the consumer's prior express consent.

14. On or about August 29, 2014, plaintiff's sister-in-law received a call from Defendant.

15. Defendant asked plaintiff's sister-in-law if plaintiff was there and later asked if she had plaintiff's current telephone number.

16. Defendant had plaintiff's current residence and telephone number.

17. Defendant had not received plaintiff's consent to make this call.

18. Defendant had not obtained a judgment against plaintiff.

19. Defendant had not obtained a court order to make such a call.

20. Defendant had no legitimate reason to call any of plaintiff's relatives as it already had all of plaintiff's location information.

21. Plaintiff had moved three years prior.

22. Defendant contacted plaintiff's relative to embarrass and harass her because plaintiff did not answer defendant's calls, as is her right not to do so.

23. Defendant was attempting to collect a debt when it made the call to plaintiff's relative and the animating purpose was to put social pressure on plaintiff by embarrassing and shaming her in hopes that would force her to call defendant and it could make its money.

24. On information and belief, defendant commits such acts on a routine basis.

## CAUSES OF ACTION

### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

25. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

27. Defendant violated 15 U.S.C. § 1692e(10) because it made a false representation or used deceptive means to collect or attempt to collect a debt by calling plaintiff's relative without prior express consent and when it had plaintiff's location information.

28. Defendant violated 15 U.S.C. § 1692e(2)(A) because it made a false representation of the legal status of the debt when it called plaintiff's relative without authority or permission from plaintiff and when it had plaintiff's location information.

29. Defendant violated 15 U.S.C. § 1692c(b) because it contacted plaintiff's relative without consent of plaintiff and when it had plaintiff's location information.

30. As a result of the act, plaintiff was embarrassed and humiliated by defendants act.

**31.** As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00

pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants.

## TRIAL BY JURY

32. Plaintiff is entitled to and hereby respectfully demands a trial by jury.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendants and for Plaintiff;

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: June 10, 2015

*/s/ Andrew L. Campbell*

Andrew L. Campbell
1000 Beach St, Suite B
Flint, MI 48502
(810) 232-4344
hundy24@yahoo.com
P64391

Attorney for Plaintiff